MARC GAUTIER, Appellant, *v.* LOUIS HOWARD *et als.*, Respondents.

*Limitations—Adverse Possession.*—A., a minor feme covert, in 1842, joined with her husband in a conveyance to B. of land held by A. and B. with others, as tenants in common, for the purpose of concentrating the title, in order to eject an intruder. In 1846, B. and the other co-tenants made a parol partition of the land, disregarding the rights of A., and took possession of their several allotments. In 1847, A. and her husband made a deed to G., disaffirming the deed of 1842. The husband died in 1849. *Held,* that after the partition the possession by the co-tenants uniting therein became adverse to all the world, and that from the death of the husband of A. in 1849, the statute commenced to run against the grantee of A.

*Appeal from St. Louis Land Court.*

*Whittelsey* with *P. C. Morehead,* for appellant.

*Garesché & Mead,* for respondents.

HOLMES, Judge, delivered the opinion of the court.

The title to the land conveyed by Margaret Bequette to Genevieve Howard, in 1817, bounded "eastwardly on the road which passes along the Mississippi," situated in block 43, in the town of St. Louis, was admitted to have been vested in her at the date of her death in 1826. She left eight heirs. In 1846, these heirs (with the exception of one named Sophie, wife of Paul Mayet) made a verbal partition of the lot among themselves, and each one took possession of his several part, and this partition was confirmed by deeds duly executed between them in 1847. In 1842, some of these heirs, Paul Mayet and wife included, had conveyed their interest in the lot to Louis Howard, in order to concentrate the title in him, for the purpose of ejecting an intruder, by suit. Sophie Mayet being a minor, her deed was voidable; and after coming of age, in 1847, she avoided it by joining with her husband in a conveyance of her interest in this lot to the plaintiff, and on this title the plaintiff sues.

She had not been a party to the partition, but the other heirs had divided the whole lot among themselves, and taken

a distinct and several adverse possession of the part assigned to each, and they held them afterwards adversely to each other and to all the world. The evidence was sufficient to show an actual ouster of the other tenants in common—Ang. Lim. 457, 470.

At this date, Sophie Mayet was under the disability of coverture, which was removed by the death of her husband in 1849, and then the statute of limitations began to run against her and the plaintiff holding under her, if not before.

The evidence tended to show that the defendant Howard, at this time, had the actual adverse possession of whatever portion of the land in controversy had been formed by accretion on block 43, if indeed the accretion belonged at all to the lot inherited from Genevieve Howard, whose title was bounded eastwardly by a road running along the Mississippi, and not by the river; on which point it is unnecessary to give an opinion here. The possession which the defendant had was unquestionably adverse to all the world.

There was some evidence that the whole accretion had been formed since the date of the partition. The defendant Howard had had possession for sixteen or eighteen years before the suit.

The court instructed the jury, that if the defendant had been in the peaceable, quiet, adverse and continuous possession of the premises in dispute for more than ten years prior to the institution of the suit, they would find for the defendants; and the defendants had a verdict. The instruction was correct.

The plaintiff objects to it on the ground that Louis Howard being a trustee, the possession did not become adverse until he had rejected his trust. It is a sufficient answer to this, that the deed of the minor Sophie Mayet, made in 1842, was voidable, and had been avoided in 1847 by her conveyance to the plaintiff.

The plaintiff further objected to the admission in evidence of a deposition and the petition of Marc Gautier, plaintiff, in another suit, on the ground only of irrelevancy. This evi-

dence was relevant for some purposes, and the objection of irrelevancy alone was not well taken.

We discover no good reason for reversing the judgment; it will therefore be affirmed. The other judges concur.